IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARK CORBITT, § § | | |
| *Plaintiff,* § § | | |
| v. § § | Civil Action No. 1:22-cv-4 | |
| LAKEVIEW LOAN SERVICING, LLC, § § | | |
| *Defendant.* § | | |

### DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Lakeview Loan Servicing, LLC ("Defendant") removes this action from the 357th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division, and in support thereof would show unto the Court the following:

### I.   STATE COURT ACTION

1. On December 29, 2021, Plaintiff Mark Corbitt ("Plaintiff") filed his Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "Petition"), *Mark Corbitt v. Lakeview Loan Servicing, LLC*; Cause No. 2021-DCL-07060, in the 357th Judicial District Court, Cameron County, Texas. On December 29, 2021, Intervenor Plaintiff Yara M. Corbitt ("Intervenor Plaintiff") filed her Original Plea in Intervention and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the "Plea in Intervention") in the same cause seeking relief from foreclosure by Defendant.

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 357th Judicial District Court, Cameron County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff and Intervenor Plaintiff both seek injunctive relief preventing foreclosure and damages for breach of contract, common law fraud, negligence, negligent misrepresentation, breach of fiduciary duty, and violations of the Texas Property Code.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 357th Judicial District Court, Cameron County, Texas and obtained by Defendant are attached hereto.

5. In support of this removal and as required by Local Rule 81, please find attached as follows:

| | | |
|---|---|---|
| | **Exhibit A** | Index of Matters Being Filed; |
| | **Exhibit B** | Civil Cover Sheet; |
| | **Exhibit C** | State Court Civil Docket Sheet; |
| | **Exhibit D** | State Court File; |
| | **Exhibit E** | List of all counsel of record, including addresses, telephone numbers and parties represented; and |
| | **Exhibit F** | Cameron County Appraisal District Record. |

## II. TIMELINE FOR NOTICE OF REMOVAL

6. Defendant has not been served with process in this cause. Less than thirty (30) days have passed since Defendant received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

### III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

    a. **Diversity of Citizenship**

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

9. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

10. Based upon Plaintiff's Complaint and Intervenor Plaintiff's Plea, Plaintiff and Intervenor Plaintiff are both citizens of Edinburg, Hidalgo County, Texas.

11. Defendant Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity jurisdiction. Lakeview Loan Servicing, LLC is a Florida limited liability company The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lakeview Loan Servicing, LLC's sole member is Bayview MSR Opportunity Corp. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Bayview MSR Opportunity Corp. is incorporated by the State of Delaware and maintains its principal office in Coral Gables, Florida. Bayview MSR Opportunity

Corp. is therefore a citizen of both Delaware and Florida. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity purposes.

12. Plaintiff is a citizen of the State of Texas, Intervenor Plaintiff is a citizen of the State of Texas, and Defendant Lakeview is a citizen of Delaware and Florida, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

### b. Amount in Controversy Exceeds $75,000.

13. Although Plaintiff's and Intervenor's Complaints and do not specifically allege the amount in controversy, it is clear from review of Complaints and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaints both seek the identical relief from Defendant, including declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of

the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15.     The most recent tax appraisal for the Property valued it at $357,982.[1] This alone satisfies the $75,000 requirement. See *Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, and Plaintiff's Petition and Intervenor Plaintiff's Plea in Intervention seeking relief over $100,000, it is apparent on the face of Plaintiff's Complaint and Intervenor Plaintiff's complaint that the amount in controversy more likely than not exceeds $75,000.

## IV.     VENUE

16.     Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Brownsville Division, because this district and division includes Cameron County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V.     CONCLUSION

WHEREFORE Defendant Lakeview Loan Servicing, LLC, removes this action from the 357th Judicial District Court, Cameron County, Texas, to the United States District Court for the

---

[1] *See* Exhibit F – Cameron County Appraisal District valuation for the Property for 2021.

*Notice of Removal*                                                                                                                      Page 5 of 7
H610-2105 / BDF 9387614 Corbitt

Southern District of Texas, Brownsville Division, so that this Court may assume jurisdiction over the cause as provided by law.

          Respectfully submitted,

By:   /s/ *Shelley L. Hopkins*
       Shelley L. Hopkins – *Attorney In Charge*
       State Bar No. 24036497
       SD ID No. 926469
       HOPKINS LAW, PLLC
       3 Lakeway Centre Ct., Suite 110
       Austin, Texas 78734
       (512) 600-4320
       BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP - *Of Counsel*
       ShelleyH@bdfgroup.com
       shelley@hopkinslawtexas.com

       Robert D. Forster, II
       State Bar No. 24048470
       SD ID No. 2647781
       Crystal G. Gibson
       State Bar No. 24027322
       SD ID No. 706039
       BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP
       4004 Belt Line Road, Ste. 100
       Addison, Texas 75001
       (972) 386-5040
       (972) 341-0734 (Facsimile)
       RobertFO@bdfgroup.com
       CrystalR@bdfgroup.com

       **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA ECF:***
Timothy A. Davis
Davis Law, P.C.
1320 N. 10th St., Suite 140
McAllen, Texas 78501
timm@tdavislawpc.com
**ATTORNEYS FOR PLAINTIFF**

***VIA ECF:***
Roel "Robie" Flores
Flores Attorneys at Law
3331 N. Ware Rd.
McAllen, Texas 78501
office@floreslaw.net
**ATTORNEYS FOR INTERVENOR**

*/s/ Shelley L. Hopkins*
Shelley L. Hopkins