# EXHIBIT D

FILED - 12/29/2021 10:17 AM
2021-DCL-07060 / 60360444
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

Cause No.  2021-DCL-07060

| | | |
|---|---|---|
| MARK CORBITT, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | Cameron County - 357th District Court |
| V. | § | |
| | § | OF |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| Defendant, | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARK CORBITT, hereinafter Plaintiff, and files this, Plaintiff's Original Petition complaining of LAKEVIEW LOAN SERVICING, LLC, hereinafter referred to as Defendant, and for cause would show unto the court and the jury the following:

### I. **Discovery Control Plan and Statement as to Amount of Damages Sought**

1.1    Plaintiff alleges that this suit should be governed by Level 2 of the Discovery Control Plan as required under Rule 190, Texas Rules of Civil Procedure.  Pursuant to Rule 47, Texas Rules of Civil Procedure, Plaintiff herein seeks only monetary damages in an amount less than $250,000.00 and non-monetary relief. Plaintiff seeks injunctive relief.

### II. **Parties**

2.1    Plaintiff MARK CORBITT is an individual and a resident of the state of Texas and Hidalgo County, Texas.

2.2    Defendant LAKEVIEW LOAN SERVICING, LLC is a Texas business entity organized under the laws of the State of Texas and with a principal place of business in the State of Texas and may be served with citation and petition in this cause by serving its registered agent:

**Corporation Service Company**
**217 E. 7th Street, Suite 620**
**Austin, Texas 78704**

2.3     Defendant may further be served provided notice of this lawsuit via an attorney purporting

to represent a "mortgage servicer" and be the "Attorney for Mortgagee" and whom posted the

below-referenced Notice of Substitute Trustee's Sale:

> **William Attmore**
> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
> **5601 Executive Drive, Suite 400**
> **Irving, Texas 75083**

### III.  Jurisdiction and Venue

3.1     The relief and damages as set forth in this petition are within the jurisdictional limits of

this Court.

3.2     Venue is proper in Cameron County, Texas in that all or a substantial part of the acts and/or

omissions giving rise to this claim occurred in Cameron County, Texas.

3.3     All conditions precedent for bringing this lawsuit have been met.

### IV.  Preliminary Statement

4.1     Plaintiff brings this action against Defendant for breach of contract, fraud; including

fraudulent misrepresentation, fraudulent inducement and fraud by non-disclosure; negligence,

negligent misrepresentation, breach of fiduciary duty, and violations of the Texas Property Code.

Plaintiff also seeks a Temporary Restraining Order preventing defendant from proceeding with

foreclosure sale scheduled for January 4, 2022.

4.2     The real property made the subject of this lawsuit is legally described as follows:

*Lot Twenty-Four B (24B), Block Ninety-Seven (97), Padre Beach, Section VII, a resubdivision of
Lot 24, Block 97, Padre Beach, Section VII, a subdivision in the Town of South Padre Island,
Cameron County, Texas, according to the map or plat thereof recorded in Cabinet 1, Slot 2209-
B, Map Records of Cameron County, Texas.*

## V.  Factual Background

5.1     Plaintiff has discovered that defendant is attempting to foreclose on the above identified

property under the terms of a deed of trust and note dated August 14, 2015 in the original principal

amount of $258,750.00 by plaintiff and his wife and made payable to lender, AMCAP Mortgage,

Ltd. Plaintiff's wife is a grantor under the deed of trust, but is not a maker of the subject note.

5.2     Defendant has failed to provide notice to plaintiff and his wife as required under the

Texas Property Code. Plaintiff and his wife only became aware that the property had been posted

for foreclosure when they were each separately contacted by individuals offering to purchase the

property from them prior to the foreclosure sale.

5.3     Plaintiff and his wife have been in the process of divorcing since 2018. Their marital

estate includes the property the subject of this litigation, along with multiple other real estate

holdings, personal property, and business interest.

## VI. <u>Cause of Action Against Defendant</u>

Plaintiff incorporates by reference each of the above paragraphs.

<u>Breach of Contract</u>

6.1     Plaintiff and defendant were each a party to a valid and enforceable contract.  Plaintiff

performed as required under the contract with defendant.  Defendant breached their contractual

obligations and a result thereof Plaintiff has suffered injury and incurred damages.

<u>Fraud by Non-Disclosure</u>

6.2     Defendant concealed from or failed to disclose certain facts to Plaintiff when Defendant

had a duty to disclose those facts to Plaintiff and those facts were material in nature and Defendant

knew that Plaintiff was ignorant of the material facts and that Plaintiff did not have an equal

opportunity to discover those facts.  Defendant were deliberately silent when it had a duty to speak

and Defendant intended to induce Plaintiff to take some action and Plaintiff relied upon said non-disclosure and Plaintiff was injured and suffered damage as a result thereof.

Common Law Fraud

6.3     Defendant made a false and material representation to Plaintiff and Defendant knew the representation was false or made the representation recklessly, without knowledge of the truth and said false representations were made with the intent that Plaintiff would act on them and Plaintiff relied upon the false representations and suffered injury and incurred damages as a result thereof.

Negligence

6.4     Defendant owed a duty to plaintiff to exercise the degree of care, skill and competence that a reasonable member of the profession would exercise under similar circumstances.  Defendant breached its duty to plaintiff and as a proximate result thereof, plaintiff was injured and has incurred damages.

Negligent Misrepresentation

6.5     Defendant made a representation to Plaintiff in the course of defendant's business or in a transaction in which defendant had an interest. Defendant supplied false information for the guidance of others and defendant did not exercise reasonable care or competence in obtaining or communicating the information and plaintiff justifiably relied on the representation and as a proximate result thereof was injured and has suffered damages.

Breach of Fiduciary Duty

6.6     By the nature of the ongoing relationship between plaintiff and defendant, defendant owed a duty as a fiduciary to plaintiff which defendant has breached.  Plaintiff has suffered damages as a result thereof.

Lack of Notice

6.7     Defendant failed to notify plaintiff and/or plaintiff's wife as required under the Texas Property Code.

## VII. **Respondeat Superior**

7.1     Each act or omission committed by any employee or agent of defendant was committed during the course and scope of that employee's or agent's employment with defendant and thus defendants are liable for said acts or omissions under the theory of *respondeat superior.*

## VIII.  APPLICATION FOR TEMPORARY RESTRAINING ORDER

8.1     Plaintiff requests the Court to enter an ex-parte temporary restraining order without notice to defendant restraining and enjoining defendant, its attorneys, agents, assigns and all others acting on defendant's behalf and subject to defendant's control from proceeding to and from foreclosing on the real property described herein above at the foreclosure sales scheduled for January 4, 2022 in Cameron county, and to further continued to be restrained from foreclosing on the real property until such further order of this Court.

8.2     Should such sale be allowed to proceed, plaintiff will lose the property and will suffer immediate and irreparable loss, a loss for which plaintiff has no adequate remedy at law.

8.3     Plaintiff is willing to post a bond.

8.4     It is probable that plaintiff will recover from defendants after trial on the merits in that the facts contained in this petition and the affidavit of MARK CORBITT included herewith establish multiple viable causes of action against defendant.

8.5     Plaintiff is requesting temporary ex-parte relief because there is not enough time to serve notice on defendant and hold a hearing on the application prior to the scheduled foreclosure sales.

## IX.  APPLICATION FOR TEMPORARY INJUNCTION

9.1     Plaintiff has joined all indispensable parties under Texas Rules of Civil Procedure 39.

9.2     Plaintiff asks the Court to set its application for temporary injunction for a hearing, and after hearing, issue a temporary injunction against defendant.

## X.  APPLICATION FOR PERMANENT INJUNCTION

10.1    Plaintiff asks the Court to set its application for permanent injunction for a full trial on the merits, and after trial, issue a permanent injunction against defendant.

## XI. **Damages**

11.     Defendant's acts and omissions described herein were the producing and/or proximate cause of all damages incurred by Plaintiff.  Plaintiff seeks the following as recoverable damages from Defendant:

1.  Actual damages;

2.  Exemplary damages;

3.  Attorney's fees;

4.  All additional damages as allowed by law;

5.  Court costs;

6.  Prejudgment and post-judgment interest at the highest legal rate;

7.  Injunctive relief;

8.  Such other and further relief to which Plaintiff may be entitled.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that Defendant be duly cited to appear and answer herein.  By reason of the above and foregoing, Plaintiff have been damaged in an amount within the jurisdictional limits of this Court.  Plaintiff request the awarding of pre-

judgment and post-judgment interest at the maximum rate allowed by law.  Plaintiff seeks the

recovery of judgment against Defendant for Plaintiff's actual damages in an amount that the jury

considers fair in their best judgment, for cost of court, and for such other relief, both in law and in

equity, to which Plaintiff may be entitled.  Plaintiff seeks the recovery of punitive and exemplary

damages.

                        RESPECTFULLY SUBMITTED,

                        **DAVIS LAW, P.C.**
                        1320 N. 10th Street, Suite 140
                        McAllen, Texas 78501
                        Telephone (956) 540-7807
                        Facsimile (956) 664-2500

                        By: *Timothy A. Davis*
                            Timothy A. Davis
                            Texas Bar No. 00790570
                            timm@tdavislawpc.com

| | | |
|---|---|---|
| MARK CORBITT, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| V. | § | OF |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS            )
                         )
COUNTY OF HIDALGO         )

BEFORE ME, the undersigned authority on this day personally appeared MARK CORBITT, known to me to be the person whose name is subscribed to this Verification, who being duly sworn, on his oath deposed and testified as follows:

"My name is MARK CORBITT. I am over the age of 18 years and am fully competent and authorized in all respects. I have reviewed the Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and the facts stated there are all true and correct."

_____
MARK CORBITT

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on December 29, 2021, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

TIMOTHY AUDREY DAVIS
Notary Public, State of Texas
Comm. Expires 09-09-2025
Notary ID 133322689

RECEIVED 12/29/2021 10:17 AM
2021-DCL-07060 / 60360444
LAURA PEREZ-REYES
Cameron County District Clerk
By Monica Hernandez Deputy Clerk

Cause No. 2021-DCL-07060

| | | |
|---|---|---|
| MARK CORBITT, | § | IN THE DISTRICT COURT |
|    Plaintiff | § | |
| | § | Cameron County - 357th District Court |
| V. | § | OF |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC | § | |
|    Defendant | § | CAMERON COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER &
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION HEARING

Having considered plaintiff MARK CORBITT'S application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to plaintiff, and that if the Court does not issue the temporary restraining order, plaintiff will be irreparably injured because the property defendant seeks to sell at the scheduled foreclosure sale is vital asset and the loss of the property via foreclosure will cause plaintiff financial hardship.

An ex-parte order, without notice to defendants, is necessary because there was insufficient time to give notice to defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, the foreclosure sale is scheduled for January 4, 2022, less than seven (7) days from the date this lawsuit was filed. The Court finds that plaintiff has no adequate remedy at law for its damages.

It is therefore ORDERED, ADJUDGED AND DECREED that LAKEVIEW LOAN SERVICING, LLC, its attorneys, agents, assigns, employees, representatives and all others acting on its behalf and subject to its control are hereby ORDERED to immediately forbear from foreclosing on the real property described herein below at the January 4, 2022 Cameron County Texas foreclosure sale, and to continue to forbear from foreclosing on the real property the subject of this lawsuit below until this Order is superseded by a subsequent Order allowing foreclosure:

*Lot Twenty-Four B (24B), Block Ninety-Seven (97), Padre Beach, Section VII, a resubdivision of Lot 24, Block 97, Padre Beach, Section VII, a subdivision in the Town of South Padre Island, Cameron County, Texas, according to the map or plat thereof recorded in Cabinet 1, Slot 2209-B, Map Records of Cameron County, Texas.*

BOND

It is further ORDERED that a bond in the amount of $ _1,000.00_ must be held in the

registry of the Court before this Temporary Restraining Order shall issue.

ORDER SETTING HEARING ON TEMPORARY INJUNCTION

Plaintiff's   application   for   Temporary   Injunction   is   set   for   hearing   on

_Jan. 13,_ at _8:00_ A.M.

SIGNED and ENTERED on _Dec 29,_ at _11:40_ o'clock A.M.

_____
JUDGE PRESIDING

FILED _11:53_ o'clock _A_ M.
**LAURA PEREZ-REYES** - DISTRICT CLERK

Entry Requested:

DEC **2 9** 2021

_____
Timothy A. Davis
DAVIS LAW, P.C.
1320 N. 10ᵗʰ Street, Suite 140
McAllen, Texas 78501
timm@tdavislawpc.com

DISTRICT COURT OF CAMERON COUNTY, TEXAS

By _Claudia Palacios_ Deputy

cc:

Timothy A. Davis          timm@tdavislawpc.com

Receipt No. **2021-23198**

Transaction Date 12/29/2021

Payor Timothy A Davis

| Description | Amount Paid |
|---|---|
| On Behalf Of Corbitt, Mark | |
| 2021-DCL-07060 | |
| Mark Corbitt vs. Lakeview Loan Servicing, LLC | |
| Cash Bond | |
| Cash Bond | 1,000.00 |
| **SUBTOTAL** | **1,000.00** |
| **PAYMENT TOTAL** | **1,000.00** |
| Credit Card (Ref #55699) Tendered | 1,000.00 |
| Total Tendered | **1,000.00** |
| Change | 0.00 |

12/29/2021   Cashier Susie C   Audit
12:15 PM      Station STAT3    12564159

**OFFICIAL RECEIPT**

CERTIFICATE OF CASH IN LIEU OF BOND - RC 684

# THE STATE OF TEXAS

## 2021-DCL-07060

| | | |
|---|---|---|
| **Mark Corbitt** | § | IN THE 357TH DISTRICT COURT |
| VS | § | OF |
| **Lakeview Loan Servicing, LLC** | § | CAMERON COUNTY, TEXAS |

I, Laura Perez-Reyes, Clerk of the 357th District Court District Court of Cameron County, Texas, do hereby certify that  Mark Corbitt, in the above entitled and numbered cause, in Lieu of Bond, did on the 29th day of December, 2021 deposit with me cash in the amount of $1,000.00 as required in the Judge's Fiat signed on the 29th day of December, 2021.

Witness my hand and seal of office on this the 29th day of December, 2021.



**Laura Perez-Reyes**
District Clerk of Cameron County
974 E Harrison Street
Brownsville, Texas 78520

Signed: 12/29/2021 1:44:57 PM

By: _____

**Monica Hernandez**

Credit Card(Ref #55699) $1,000.00

Copy to Attorney: Timothy A. Davis

ORIGINAL IN BOND FILE

FILED 12/29/2021 5:16 PM
2021-DCL-07060 / 60382625
LAURA PEREZ-REYES
Cameron County District Clerk
By Brenda M Ramirez Deputy Clerk

Cause No.  2021-DCL-07060

| | | |
|---|---|---|
| YARA M. CORBITT, | § | IN THE 357th District Court |
| INTERVENOR | § | |
| | § | |
| | § | |
| V. | § | OF |
| | § | |
| LAKEVIEW LOAN SERVICING, LLC, | § | |
| Defendant, | § | CAMERON COUNTY, TEXAS |

**INTERVENOR'S ORIGINAL PLEA IN INTERVENTION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YARA M. CORBITT, hereinafter INTERVENOR, and files this, INTERVENOR's OriginalPlea in Intervention complaining of LAKEVIEW LOAN SERVICING, LLC, hereinafter referred to as Defendant, and for cause would show unto the court and the jury the following:

### I. **Discovery Control Plan and Statement as to Amount of Damages Sought**

1.1   INTERVENOR alleges that this suit should be governed by Level 2 of the Discovery Control Plan as required under Rule 190, Texas Rules of Civil Procedure.

1.2   Pursuant to Rule 47, Texas Rules of Civil Procedure, INTERVENOR herein seeks only monetary damages in an amount less than $250,000.00 and non-monetary relief. INTERVENOR seeks injunctive relief.

### II. **Parties**

2.1   INTERVENOR YARA M. CORBITT is an individual and a resident of the state of Texas and HidalgoCounty, Texas.

2.2   Defendant LAKEVIEW LOAN SERVICING, LLC is a Texas business entity organized under the laws of the State of Texas and with a principal place of business in the State of Texas

and may be served with citation and petition in this cause by serving its registered agent:

**Corporation Service Company**
**217 E. 7th Street, Suite 620**
**Austin, Texas 78704**

2.3     Defendant may further be served/provided notice of this lawsuit via an attorney purporting

to represent a "mortgage servicer" and be the "Attorney for Mortgagee" and whom posted the

below-referenced Notice of Substitute Trustee's Sale:

**William Attmore**
**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
**5601 Executive Drive, Suite 400**
**Irving, Texas 75083**

### III.  Jurisdiction and Venue

3.1     The relief and damages as set forth in this petition are within the jurisdictional limits of

this Court.

3.2     Venue is proper in Cameron County, Texas in that all or a substantial part of the acts and/or

omissions giving rise to this claim occurred in Cameron County, Texas.

3.3     All conditions precedent for bringing this lawsuit have been met.

3.4     Suit against the Defendant was originally brought by Mark Corbitt (hereinafter "PLAINTIFF").

Plaintiff seeks monetary damages as well as injunctive relief under the same set of facts and

circumstances under which INTERVENOR seeks relief. Intervention in this suit is appropriate under

Texas Rule of Civil Procedure 60.

3.5     "[U]nder Rule 60, a person or entity has the right to intervene if the intervenor could have brought the

same action, or any part thereof, in his own name, or, if the action had been brought against him, he

would be able to defeat recovery, or some part thereof." *Guaranty Federal Savings Bank v. Horseshoe*

*Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

## IV.  Preliminary Statement

4.1    INTERVENOR brings this action against Defendant for breach of contract, fraud;
including fraudulent misrepresentation, fraudulent inducement and fraud by non-disclosure;
negligence, negligent misrepresentation, breach of fiduciary duty, and violations of the Texas
Property Code. INTERVENOR also seeks a Temporary Restraining Order preventing defendant
from proceeding with foreclosure sale scheduled for January 4, 2022.

4.2    The real property made the subject of this lawsuit is legally described as follows:

*Lot Twenty-Four B (24B), Block Ninety-Seven (97), Padre Beach, Section VII, a resubdivision of
Lot 24, Block 97, Padre Beach, Section VII, a subdivision in the Town of South Padre Island,
Cameron County, Texas, according to the map or plat thereof recorded in Cabinet 1, Slot 2209-
B, Map Records of Cameron County, Texas.*

## V.  Factual Background

5.1    INTERVENOR has discovered that defendant is attempting to foreclose on the above
identified property under the terms of a deed of trust and note dated August 14, 2015, in the original
principal amount of $258,750.00 by INTERVENOR and her husband and made payable to lender,
AMCAP Mortgage,Ltd. INTERVENOR's husband (PLAINTIFF) is a grantor under the deed of
trust, but is not a maker of the subject note.

5.2    Defendant has failed to provide notice to INTERVENOR and PLAINTIFF as required
under the Texas Property Code. INTERVENOR and PLAINTIFF only became aware that the
property had been postedfor foreclosure when they were each separately contacted by individuals
offering to purchase theproperty from them prior to the foreclosure sale.

5.3    INTERVENOR and PLAINTIFF have been in the process of divorcing since 2018.
Their maritalestate includes the property the subject of this litigation, along with multiple
other real estateholdings, personal property, and business interest. INTERVENOR has a legal
and equitable interest in the property as PLAINTIFF's wife. The property was acquired during
the course of the Intervenor's and Plaintiff's marriage. As such, it is community property.

5.4    ""Community property owes its existence to the legal fact of marriage, and when the

parties to that compact determine their relationship should end, property acquired during marriage is and should be divided among them in a just and right manner.'"" *Everitt v. Everitt*, No. 01-11-00031-CV, at *6 (Tex. App. Aug. 31, 2012).

# VI. **Cause of Action Against Defendant**

INTERVENOR incorporates by reference each of the above paragraphs.

Breach of Contract

6.1   INTERVENOR has a legal and equitable interest in property which PLAINTIFF and defendant were each a party to, based on a valid and enforceable contract..

Fraud by Non-Disclosure

6.2   Defendant concealed from or failed to disclose certain facts to INTERVENOR when Defendant had a duty to disclose those facts to INTERVENOR and those facts were material in nature and Defendant knew that INTERVENOR was ignorant of the material facts and that INTERVENOR did not have an equal opportunity to discover those facts. Defendant were deliberately silent when it had a duty to speak and Defendant intended to induce INTERVENOR to take some action and INTERVENOR relied upon said non-disclosure and INTERVENOR was injured and suffered damage as a result thereof.

Common Law Fraud

6.3   Defendant made a false and material representation to either INTERVENOR or PLAINTIFF and Defendant knew the representation was false or made the representation recklessly, without knowledge of the truth and said false representations were made with the intent that INTERVENOR or PLAINTIFF would act on them  PLAINTIFF or INTERVENOR relied upon the false representations and suffered injury and incurred damages as a result thereof.

Negligence

6.4   Defendant owed a duty to both PLAINTIFF and INTERVENOR to exercise the degree of

care, skill and competence thata reasonable member of the profession would exercise under similar circumstances. Defendant breached its duty to PLAINTIFF and INTERVENOR and as a proximate result thereof, INTERVENOR was injured and has incurred damages.

Negligent Misrepresentation

6.5     Defendant made a representation to PLAINTIFF or INTERVENOR in the course of defendant's business or in a transaction in which defendant had an interest. Defendant supplied false information for the guidance of others and defendant did not exercise reasonable care or competence in obtaining or communicating the information and PLAINTIFF or INTERVENOR justifiably relied on the representation and as a proximate result thereof was injured and has suffered damages.

Breach of Fiduciary Duty

6.6     By the nature of the ongoing relationship between PLAINTIFF and INTERVENOR and defendant, defendant owed  a duty as a fiduciary to PLAINTIFF which defendant has breached. INTERVENOR has suffered damages as a result thereof.

Lack of Notice

6.7     Defendant failed to notify INTERVENOR and/or PLAINTIFF as required under the TexasProperty Code.

## VII. **Respondeat Superior**

7.1 Each act or omission committed by any employee or agent of defendant was committed during the course and scope of that employee's or agent's employment with defendant and thus defendants are liable for said acts or omissions under the theory of *respondeat superior.*

## VIII.  APPLICATION FOR TEMPORARY RESTRAINING ORDER

8.1     INTERVENOR requests the Court to enter an ex-parte temporary restraining order without notice to defendant restraining and enjoining defendant, its attorneys, agents, assigns and all others

actingon defendant's behalf and subject to defendant's control from proceeding to and from foreclosingon the real property described herein above at the foreclosure sales scheduled for January 4, 2022, in Cameron county, and to further continued to be restrained from foreclosing on the real propertyuntil such further order of this Court.

8.2     Should such sale be allowed to proceed, INTERVENOR will lose the property and will suffer immediate and irreparable loss, a loss for which INTERVENOR has no adequate remedy at law.

8.3     INTERVENOR is willing to post a bond.

8.4     It is probable that INTERVENOR will recover from defendants after trial on the merits in that the facts contained in this petition and the affidavit of YARA M. CORBITT included herewith establishmultiple viable causes of action against defendant. The affidavit of YARA M. CORBITT

8.5     INTERVENOR is requesting temporary ex-parte relief because there is not enough time to servenotice on defendant and hold a hearing on the application prior to the scheduled foreclosure sales.

## IX.  APPLICATION FOR TEMPORARY INJUNCTION

9.1     INTERVENOR has joined all indispensable parties under Texas Rules of Civil Procedure 39.

9.2     INTERVENOR asks the Court to set its application for temporary injunction for a hearing, andafter hearing, issue a temporary injunction against defendant.

## X.  APPLICATION FOR PERMANENT INJUNCTION

10.1    INTERVENOR asks the Court to set its application for permanent injunction for a full trial on themerits, and after trial, issue a permanent injunction against defendant.

## XI.  **Damages**

11.     Defendant's acts and omissions described herein were the producing and/or proximate cause of all damages incurred by INTERVENOR. INTERVENOR seeks the following as recoverable damages from Defendant:

1.  Actual damages;

2.  Exemplary damages;

3.  Attorney's fees;

4.  All additional damages as allowed by law;

5.  Court costs;

6.  Prejudgment and post-judgment interest at the highest legal rate;

7.  Injunctive relief;

8.  Such other and further relief to which INTERVENOR may be entitled.

## Prayer

WHEREFORE, PREMISES CONSIDERED, INTERVENOR pray that Defendant be duly cited to appear and answer herein. By reason of the above and foregoing, INTERVENOR have been damaged in an amount within the jurisdictional limits of this Court. INTERVENOR request the awarding of pre-judgment and post-judgment interest at the maximum rate allowed by law. INTERVENOR seeks the recovery of judgment against Defendant for INTERVENOR's actual damages in an amount that the jury considers fair in their best judgment, for cost of court, and for such other relief, both in law and in equity, to which INTERVENOR may be entitled. INTERVENOR seeks the recovery of punitive and exemplary damages.

Respectfully submitted,

FLORES ATTORNEYS AT LAW
3331 N. Ware Rd.
McAllen, TX 78501
Office Tel: (956) 631-7188
Fax: (956) 631-7268
Email: office@floreslaw.net

By:/s/ROEL "ROBIE" FLORES
Roel "Robie" Flores
State Bar No. 07167020
Attorney for Respondent

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Sarah Willingham Flores on behalf of Roel Flores
Bar No. 07167020
office@floreslaw.net
Envelope ID: 60382625
Status as of 1/3/2022 10:47 AM CST

Associated Case Party: Lakeview Loan Servicing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roel RobieFlores | | office@floreslaw.net | 12/29/2021 5:16:35 PM | SENT |

FILED - 12/29/2021 5:16 PM
2021-DCL-07060 / 60382625
LAURA PEREZ-REYES
Cameron County District Clerk
By Brenda M Ramirez Deputy Clerk

| | | |
|---|---|---|
| YARA M. CORBITT,<br>    INTERVENOR | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | OF |
| LAKEVIEW LOAN SERVICING,<br>LLC,<br>    Defendant | §<br>§ | CAMERON COUNTY, TEXAS |

---

## VERIFICATION

---

STATE OF TEXAS        )
                      )
COUNTY OF HIDALGO     )

BEFORE ME, the undersigned authority on this day personally appeared YARA M. CORBITT, known to me to be the person whose name is subscribed to this Verification, who being duly sworn, on his oath deposed and testified as follows:

"My name is YARA M. CORBITT. I am over the age of 18 years and am fully competent and authorized in all respects. I have reviewed the INTERVENORs Original Plea in Intervention and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and the facts stated there are all true and correct."

FURTHER AFFIANT SAYETH NOT.

YARA M. CORBITT

NOTARY PUBLIC STATE OF TEXAS

Celia Regalado
My Commission Expires
05/01/2024
ID No 129088404

FILED 1/12/2022 11:49 AM
2021-DCL-07060 / 60747996
LAURA PEREZ-REYES
Cameron County District Clerk
By Brenda M Ramirez Deputy Clerk

## CAUSE NO. 2021-DCL-07060

| | | |
|---|---|---|
| **MARK CORBITT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **357TH JUDICIAL DISTRICT** |
| | § | |
| **LAKEVIEW LOAN SERVICING, LLC,** | § | |
| | § | |
| *Defendant.* | § | **CAMERON COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND INTERVENOR PLAINTIFF'S PLEA

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Defendant Lakeview Loan Servicing, LLC** ("Defendant"), Defendant in the above-styled and numbered cause, and files this Original Answer and Affirmative Defenses in response to **Plaintiff Mark Corbitt's** ("Plaintiff") Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Petition") and in response to **Intervenor Plaintiff Yara M. Corbitt's** ("Intervenor Plaintiff") Original Plea in Intervention and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction ("Plea in Intervention"). In support of the foregoing, Defendant would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained within Plaintiff's Petition and Intervenor Plaintiff's Plea in Intervention and any amendments thereto and demands strict proof thereof as required by the Constitution and the laws of the State of Texas. Defendant further reserves the right to plead further and in greater particularity as the case progresses.

## II.
## <u>AFFIRMATIVE DEFENSES</u>

2.      Defendant asserts that all conditions precedent to Plaintiff's and Intervenor Plaintiff's rights to recover, if any, have not been satisfied, have not occurred or have not been waived.

3.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff's and Intervenor Plaintiff's claims are barred by unclean hands.

4.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff's and Intervenor Plaintiff's damages, if any, which Defendant does not admit, were caused in whole or in part by Plaintiff's and Intervenor Plaintiff's own acts, negligent or otherwise, and Defendant is thus not liable.

5.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff's and Intervenor Plaintiff's claims are barred due to Defendant's compliance with the terms of the Deed of Trust and Texas law.

6.      In addition to and/or alternatively, without waiving the foregoing, Defendant would assert any and all limitations on exemplary damages, additional damages and/or punitive damages prescribed by the Texas Rules of Civil Procedure and/or case law and/or Civil Practice and Remedies Code.

7.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff and Intervenor Plaintiff fail to state a claim upon which relief can be granted.

8.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff and Intervenor Plaintiff's claims are barred by a lack of special duty.

9.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff's and Intervenor Plaintiff's claims are barred by the economic loss doctrine.

10.      In addition to and/or alternatively, without waiving the foregoing, Plaintiff's and Intervenor Plaintiff's claims are barred by statute of frauds.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Lakeview Loan Servicing, LLC, prays that Plaintiff's Petition and Intervenor Plaintiff's Plea in Intervention be dismissed and that Plaintiff and Intervenor Plaintiff take nothing by way of their claims. Defendant further requests that judgment be granted in its favor with respect to all claims asserted by Plaintiff and Intervenor Plaintiff, and for all further and other relief, whether at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

By:      /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
Crystal G. Gibson
State Bar No. 24027322
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001

(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
CrystalR@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

Pursuant to Texas Rules of Civil Procedure, I certify that a true and correct copy of the foregoing has been sent on this the 12th day of January 2022 to all parties of record the method indicated below.

*VIA E-SERVICE:*
Timothy A. Davis
Davis Law, P.C.
1320 N. 10th St., Suite 140
McAllen, Texas 78501
timm@tdavislawpc.com
**ATTORNEYS FOR PLAINTIFF**

*VIA E-SERVICE:*
Roel "Robie" Flores
Flores Attorneys at Law
3331 N. Ware Rd.
McAllen, Texas 78501
office@floreslaw.net
**ATTORNEYS FOR INTERVENOR PLAINTIFF**

/s/ *Shelley L. Hopkins*
Shelley L. Hopkins

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelley Hopkins on behalf of Shelley Hopkins
Bar No. 24036497
ShelleyH@bdfgroup.com
Envelope ID: 60747996
Status as of 1/12/2022 1:28 PM CST

Associated Case Party: Lakeview Loan Servicing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roel RobieFlores | | office@floreslaw.net | 1/12/2022 11:49:09 AM | SENT |

Associated Case Party: Mark Corbitt

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Timothy Davis | | timm@tdavislawpc.com | 1/12/2022 11:49:09 AM | SENT |
| Davis Law, P.C. Litigation Staff | | davislawpcoffice@gmail.com | 1/12/2022 11:49:09 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shelley LHopkins | | ShelleyH@bdfgroup.com | 1/12/2022 11:49:09 AM | SENT |
| Kate Barry | | Kate@hopkinslawtexas.com | 1/12/2022 11:49:09 AM | SENT |
| Leanna Kimball | | leannak@bdfgroup.com | 1/12/2022 11:49:09 AM | SENT |
| LaDonna Butler | | ladonnab@bdfgroup.com | 1/12/2022 11:49:09 AM | SENT |